UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISON

| | |
|---|---|
| LOLENZA CARSON,               )  | |
|                               )  | |
|        **Plaintiff**,         )  | |
|                               )  Case No. |
| vs.                           )  | |
|                               )  | |
| G4S SECURE SOLUTIONS (USA)    )  | |
| INC.                          )  | |
|                               )  | |
|        **Defendants**.        | |

## NOTICE OF REMOVAL OF CIVIL ACTION

Consistent with 28 U.S.C. § 1446, Defendant G4S Secure Solutions (USA) Inc. ("G4S), files this Notice of Removal of Civil Action from the Circuit Court for the Fourteenth Judicial Circuit, Bay County, Florida, Civil Division, in which it is pending. In support of removal, G4S states:

1. Plaintiff Lolenza Carson filed a Summons and Complaint in the Circuit Court for the Fourteenth Judicial Circuit, Bay County, Florida, Civil Division, captioned Lolenza Carson v. G4S Secure Solutions (USA) Inc., Case No. 16001312CA ("State Court Action"). G4S was served with the Summons and Complaint on or about January 11, 2017. *See* Exhibit A.

2. Plaintiff's Complaint alleges violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§2000e-5, *et seq.* and the Florida Civil Rights Act. *See* Exhibit A. Specifically, Plaintiff, a former employee, pleads claims against G4S for discrimination based on race, hostile work environment, and retaliation, including retaliation under the Family and Medical Leave Act of 1993, as amended ("FMLA"), 29 U.S.C. § 2601, *et seq. See* Exhibit A. Accordingly, this Court has original jurisdiction over Plaintiff's Title VII and FMLA claims under 28 U.S.C. § 1331. Plaintiff's state law claims fall within the supplemental jurisdiction of this Court under 28 U.S.C. § 1367, because they all arise from Plaintiff's employment with G4S. Therefore, these claims are based on a common nucleus of operative facts and are so related to Plaintiff's Title VII and FMLA claims that they form the same case or controversy. Accordingly, this Court has original and supplemental jurisdiction over all claims alleged in the Complaint. Because this action satisfies the requirements of 28 U.S.C. § 1331, this Court has original and supplemental jurisdiction over all claims alleged in the Complaint, and this action may be removed to this Court consistent with 28 U.S.C. § 1441(a).

3. Consistent with 28 U.S.C. § 1446(a), G4S has attached all process, pleadings and orders that have been filed, served, or received in this action. *See* Exhibit A.

4. Venue lies with this Court, because Plaintiff's action is pending in this District. *See* 28 U.S.C. § 1441(a).

5. This Notice of Removal is filed within twenty (20) days of service of the State Court Action and is timely under 28 U.S.C. § 1446(b).

6. Consistent with 28 U.S.C. § 1446(d), written notice of removal of this case (Exhibit B), together with a copy of this Notice will be filed with the Clerk of the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida, and served on Plaintiff.

Defendant G4S requests that this action be removed from the Circuit Court for the Fourteenth Judicial Circuit in and for Bay County, Civil Division, and requests that this Court assume jurisdiction over the case.

This 31st day of January, 2017.

Respectfully Submitted,

*/s/ David A. Boulos*
David A. Boulos
Florida Bar No. 825131
Counsel for Defendant

G4S Secure Solutions (USA), Inc.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
3812 Coconut Palm Drive, Suite 200
Tampa, Florida 33619-1352
Telephone: 813.739.1900
Facsimile: 813.739.1919
Email: david.boulos@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this **NOTICE OF REMOVAL OF CIVIL ACTION** was served by electronic mail using the Court's CM/ECF system on all counsel or parties of record

This 31st day of January, 2017.

/s/ David A. Boulos
David A. Boulos
Florida Bar No. 825131
Counsel for Defendant
G4S Secure Solutions (USA), Inc.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
3812 Coconut Palm Drive, Suite 200
Tampa, Florida 33619-1352
Telephone: 813.739.1900
Facsimile: 813.739.1919
Email: david.boulos@lewisbrisbois.com

Filing # 49864452 E-Filed 12/09/2016 03:39:25 PM

## IN THE CIRCUIT COURT FOR THE FOURTEENTH JUDICIAL CIRCUIT
## BAY COUNTY, FLORIDA, CIVIL DIVISION

**Lolenza Carson,**
**Plaintiff**

JAN 11 2017

**Vs.**

Received by
Kole Mady #225 2nd Judicial Circuit
Certified Process Server
Server Initials JAN 11 2017  22:15
Served Date:                Time:

**Case No. 16001312CA**

**G4S Secure Solutions**
**(USA) Inc.**
**Defendant.**

**Jury Trial Demand**

---

### SUMMONS: PERSONAL SERVICE OF A CORPORATION
### IMPORTANT

TO: G4S Secure Solutions (USA) Inc.
Care of Registered Agent
Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the Verified Mortgage Foreclosure Complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.

    If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the attorney serving this summons at:

    Cecile M. Scoon, Esq.
    Attorney for Plaintiff
    25 East 8th Street

Panama City, FL 32401
(850) 769-7825

Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request.

You must keep the Clerk of the Circuit Court's office notified of your current address. You may file Notice of Current Address, (Florida Supreme Court Approved Family Law Form 12.915,) Future papers in this lawsuit will be mailed to the address on record at the clerk's office.

WARNING: Rule 12.28 , Florida Family Law Rules of Procedure, requires certain automatic disclosure of documents and information. Failure to comply can result in sanctions, including dismissal or striking of pleadings.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante este tribunal. Una llamada telefonica no 10 protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Exisiem ostros requisitos legates. Si 10 desea, puede usted consultar a un abogado immediatemente. Si no conoce a un abogado, puede Hamar a una de las oficians de asistencia legal que aparecen en la gula telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una repuesta por escrito, en el mismo momento que usted prcsente su respuesta par escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:

Nombre y direction de la parte que entrega la orden de comparencencia: Cecile M. Scoon. Esquire. 25 East 8th Street, Panama City, Florida 32401.

Copias de todos los documentos judiciales de este caso, incluyendo las ordenez, estan direccion en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office). Estos documentos pueden ser revisados a su solicitud.

Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual, (Usted puede presenter el Formulario: Ley de Familia de la Florida 12,925, 1,0; Florida Supreme Court. Approved Family Law Form 11.9151, Notificacion de la Direceccion Actual [Notice of Current Address] Los papelos que se preseten en el

futuro en esta demanda judicial seren env ados por correo a la direccion que este registrada en la oficina de! Secretario.

ADVERTENC!A: Regla 12,285 (Rule 12.285), de las Reglas de Procedimiento de Ley de Familia de la Florida [Florida Family Law Rules of Procedure], requiere cierta revelacion automatica de documeotos e informacion. El inclumplimient, puede resultar en sanciones, acluyendo la destinamacion o anulacion de los alegatos.

### IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignatiion de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisanat pouor vous protegar. Vous etes ebilge de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaltez que le Tribunal entende votrc cause. Si vous ne deposez pas votre responses ecrite dans le relal requis, vous risquez de perdre la cause a insi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterleur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir lea services immediats d'un avocat. Si vous ne connalssez pas d'avocat, vous pourrlez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette fonnalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous deposer cette citation.

Nom et adresse de la partie qui depose cette citation: Cecile M. Scoon, Esq. 25 East 8th Street, Panama City, Florida 32401.

Les photocopies de tous les documents tribunals de cette cause, y compris des arrest, sont disponible au bureau de greffier. Vous pouvez revue ces documents, sur demande.

Il faut aviser le greffier de votre adresse actuelle. (vous pouvez deposer, Florida Supreme Court Approved Family Law Form 12.915, Notice of Current Address.) Les documents de l'avenir de ce process seront envoyer a l'adresse que vous donnez au bureau du greffier.

ATTENTION: La regle 12.285 des regles de procedure du droit de la famille de la Floride exige que l'on remette certains renseignements et certains documents a la partie adverse. Tout refus de les fournir pourra donner lieu a des sanctions, y compris le rejet ou la suppression d'un ou de plusieurs actes de procedure.

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint or petition in the lawsuit on the above-named defendant/respondent.

DATED this ▮         ▮      12/9/2016        ▮

                                        Bill Kinsaul
                                        CLERK OF CIRCUIT COURT

Cecile M. Scoon, Esq.                   By: ▮ Jennifer Sullivan
Attorney for Plaintiff
25 East 8th Street
Panama City, FL 32401                   DEPUTY CLERK
(850) 769-7825
FL Bar No. 834556
Primary email: cmscoon1@knology.net
Secondary email: cmscoon2@knology.net


If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:

> ADA Coordinator
> P.O. Box 1089
> Panama City, Florida 32402
> Phone: 850-747-5338
> Fax: 850-747-5717
> Hearing Impaired: Dial 711
> Email: ADARequest@jud14.flcourt.org

At least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

Filing # 49755520 E-Filed 12/07/2016 03:57:34 PM

## IN THE CIRCUIT COURT FOR THE FOURTEENTH JUDICIAL CIRCUIT
## BAY COUNTY, FLORIDA, CIVIL DIVISION

Lolenza Carson  
PLAINTIFF  
v.  
G4S Secure  
Solutions (USA) Inc.  
DEFENDANT  

16001312CA

Jury Trial Demand

## COMPLAINT

Comes now Lolenza Carson, Plaintiff, by and through Cecile M. Scoon, his undersigned attorney, and for his cause of action against Defendant, G4S Secure Solutions (USA) Inc. (hereinafter referred as "G4S"), and alleges as follows:

## GENERAL ALLEGATIONS OF JURISDICTION AND VENUE
## COMMON TO ALL COUNTS

1. This action is for damages greater than $15,000.00, injunctive relief and attorney fees and costs.
2. The allegations asserted in this complaint arose in Bay County.
3. Plaintiff, Lolenza Carson, is African-American, and as such is a member of a group protected from discrimination under F.S. 760.
4. This Court has jurisdiction of these claims pursuant to F.S. 760 et seq.
5. At all times relevant to this Complaint, the Defendant has been organized and existing under the laws of the State of Florida and has therefore been an employer within the meaning of the definition of employer under F.S. 760 et seq..
6. Plaintiff is sui juris
7. Plaintiff was a Custom Protection Officer (Armed Security Guard) at G4S and he was qualified to do this job.
8. Plaintiff is an adult and a citizen of the United States and was a resident of the County of Bay, State of Florida, during all times pertinent to this lawsuit.
9. Plaintiff was an employee as defined by the F.S. 760 et seq.. was employed in Bay County, Florida, by G4S and all actions and omissions of employment and

all employment records relevant to this action are or were maintained in Bay County, Florida.

10. At all times herein mentioned, the Defendant acted by and through its duly authorized servants, agents, and employees such as Defendant's management and supervisors, who were acting within the scope of their employment.

11. Plaintiff has fulfilled all conditions precedent, and has exhausted all administrative remedies as follows:

   a. Plaintiff filed a written complaint with the Florida Commission on Human Relations (FCHR) and Equal Employment Opportunity Commission (EEOC) in a timely manner on or about February 17, 2016 (Exhibit 1 attached and incorporated herein).

   b. After an investigation, on July 8, 2016 the FCHR found cause to believe that Plaintiff was discriminated against due to his race. (Exhibit 2 attached and incorporated herein)

   c. Plaintiff brought suit within a year of the Finding of Cause as required by F.S. 760 et seq..

## COUNT I
## RACIAL DISCRIMINATION
## F.S. 760 et seq..

12. Plaintiff incorporates by reference and re-alleges the general jurisdictional allegations in paragraphs 1 through 11, as if fully stated herein.

13. Plaintiff started work at G4S on or about 2013.

14. Plaintiff performed his work well and in 2014 he was assigned to a work site at General Dynamics, Information Technology (GDIT).

15. In the summer of 2014, Plaintiff was one of the most senior employees working at GDIT.

16. In or about August 2014, a white employee similarly situated to Plaintiff was promoted to management level authority, while Plaintiff was more senior to the white person who was promoted.

17. Plaintiff and other G4S employees, who were African-American and Hispanic, were not given any notice that the management position was available.

18. The white employee with less seniority was promoted without Plaintiff's and some Hispanic employee's knowledge.

19. Captain Petersen, the G4S employee who promoted the white employee with less seniority stated that he would never promote a "nigger" to lieutenant.

20. Plaintiff was upset and humiliated by Defendant's actions.

21. Plaintiff lost seniority, lost an opportunity for a raise by the race-based promotion, and thus Plaintiff was harmed financially.

22. In October 2014, Plaintiff was contacted by his supervisor and informed that he would have to miss work because his license to carry a firearm had lapsed.

23. Plaintiff was shocked because he had renewed his license weeks earlier, so his license renewal should not have lapsed.

24. Plaintiff was also aware that a similarly situated white Custom Protection Officer, Brandon Pitts, had let his license to carry permit lapse but was allowed to continue working at G4S with a suspended license.

25. Part of the Plaintiff's job assignments did not require him to wear a gun, so he could have performed those non-gun-related duties, but he was not allowed to retain those working hours while his gun license had lapsed.

26. In fact, Plaintiff's normal hours of duty were taken from him, and given to Officer Pitts although Officer Pitt's gun license had also lapsed.

27. Plaintiff was discriminated against when Plaintiff was not given an opportunity for a promotion, but similarly situated white employee was selected to be promoted when Plaintiff and some other minority employees were not notified of the chance to apply for the promotion.

28. Plaintiff was discriminated against when he was forced to miss two weeks of work without pay, when a similarly situated white employee was given preferential treatment and allowed to work and receive his full salary while the white employee's gun license had lapsed.

29. Plaintiff has had to hire the undersigned attorney to bring this suit and Defendant should be held liable for attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that this Court grant the Plaintiff judgment against Defendant for and including compensation, back pay, adverse terms, conditions and privileges of employment, and more particularly, or mental suffering, pain and anguish, loss of sleep, humiliation, loss of enjoyment of life, and attorney's fees and for such other relief as the Court may deem just and equitable. Plaintiff requests a jury trial.

## COUNT II
## HOSTILE WORK ENVIORNMENT

30. Plaintiff incorporates by reference and re-alleges the general jurisdictional allegations in paragraphs 1 through 11 as if stated herein.

31. Plaintiff and other African Americans and Hispanics endured a hostile environment at their place of work.

32. Defendant's Supervisors consistently treated non-white employees more adversely than similarly situated white employees.

33. Supervisors spoke more harshly to non-white employees than they spoke to similarly situated white employees.

34. African- American employees including Plaintiff were made to feel unwelcome at work and they were held to a higher standard of performance.

35. When Plaintiff and other non-white employees complained about racist statements and "jokes" of others at work, no corrective action was taken.

36. Plaintiff was humiliated when a position came open and it was given to a white employee without Plaintiff being given notice of the opportunity to compete for the promotion.

37. White supervisors did not discipline known white employees who made racist or racially biased statements against other employees and that contributed to a hostile work environment.

38. White supervisors made negative racial comments in the workplace about Plaintiff and other African-Americans and non-whites.

39. The negative and hostile treatment that Plaintiff endured was pervasive and so severe that Plaintiff was harmed and offended by the hostile work environment.

40. The negative and hostile treatment that Plaintiff endured was pervasive and so severe that a reasonable person would have been harmed and offended by the hostile work environment created by G4S supervisors.

41. Plaintiff has had to hire the undersigned attorney to bring this suit and Defendant should be held liable for attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that this Court grant the Plaintiff judgment against Defendant for and including compensation, back pay, adverse terms, conditions and privileges of employment, and more particularly, or mental suffering, pain and anguish, loss of sleep, humiliation, loss of enjoyment of life, and attorney's fees and for such other relief as the Court may deem just and equitable. Plaintiff requests a jury trial.

## COUNT IV
## RETALIATION
## F.S. 760 et seq.

42. Plaintiff incorporates by reference and re-alleges the general jurisdictional allegations in paragraphs 1 through 40, as if fully stated herein.
43. Plaintiff complained about this differential treatment based on his race.
44. Plaintiff opposed discrimination when he complained to his supervisors about not being promoted.
45. Plaintiff opposed discrimination when he complained about missing two weeks of work, when a similarly situated white employee was allowed to work.
46. After complaining, Plaintiff's assigned hours at G4S were changed so that his hours at G4S would conflict with his second part-time job.
47. Plaintiff complained about his changed hours, and his supervisor responded by complaining that Plaintiff had a part time job, and even suggested that Plaintiff quit his second job.

48. Plaintiff had previously received permission from his upper-level G4S boss to get a second job and had worked his G4S assigned shift alongside his second job without any issues or problems until Plaintiff complained to his supervisors about the disparate and unfair treatment.

49. Within a few weeks after Plaintiff's complaining, Defendant's supervisors began to constantly argue with Plaintiff over immaterial matters that were not raised with similarly situated white employees.

50. Within a few weeks after Plaintiff's complaining, the hostile environment increased to the point where it became difficult for Plaintiff to complete his work duties.

51. When Plaintiff called in sick for work at G4S, Plaintiff's supervisor went so far as to call Plaintiff's second job and inquire whether Plaintiff was working or was home sick.

52. This intrusive and retaliatory act appears to be a HIPPA violation and an attempt to negatively affect Plaintiff's second job.

53. Calling Plaintiff's second employer also interfered with Plaintiff's rights under the Family Medical Leave Act, as it appears Plaintiff was punished for taking lawful time off for illness.

54. Plaintiff wrote a second letter of complaint about this matter.

55. Plaintiff has suffered emotionally and financially due to the actions of the Defendant.

56. Plaintiff has been humiliated and has suffered mental anguish when he was not promoted, when he was the most qualified person in 2014.

57. Plaintiff's hostile treatment and retaliation became so severe that Plaintiff was forced to resign due to a constructive discharge.

58. Plaintiff has been required to retain and attorney and is obligated to pay his attorney a reasonable fee for which Defendant should be liable to pay.

WHEREFORE, Plaintiff respectfully prays that this Court grant the Plaintiff judgment against Defendant for and including compensation, back pay, adverse terms, conditions and privileges of employment, and more particularly, or mental suffering, pain and anguish, loss of sleep, humiliation, loss of enjoyment of life, and attorney's fees and for such other relief as the Court may deem just and equitable. Plaintiff requests a jury trial.

Cecile M. Scoon /s/<br>
Cecile M. Scoon, Esq.<br>
FL Bar # 834556<br>
25 East 8th Street<br>
Panama City, FL 32401<br>
Telephone: (850) 769-7825<br>
Fax: (850) 215-0963<br>
Email: cmscoon1@knology.net<br>
Attorney for Plaintiff

11/02/2015 MON 16:02 FAX     ☒003/011

Mary 2016 00173

FLORIDA COMMISSION ON HUMAN RELATIONS
2009 Apalachee Parkway, Suite 200
Tallahassee, Florida 32301

Date Stamp
FCHR Use only

| EMPLOYMENT CHARGE OF DISCRIMINATION | | | FCHR No. | |
|---|---|---|---|---|
| Name (Indicate Mr. Or Ms.) | | | Email Address | Date of Birth |
| Mr. Lolenza Carson | | | Contact Attorney | 5/31/80 |
| Mailing Address 2203 Owens Circle | | | Home Telephone Number (area code) Contact Attorney | |
| City, State and Zip Code Panama City, FL. 32405 | | | | |
| | | | Work (if possible to call you) N/A | |

List the employer, labor organization, employment agency, apprenticeship committee, government agency, or other person who discriminated against you.

| Name | Number of Employees | Telephone Number |
|---|---|---|
| G4S Secure Solutions | 15+ | |
| Street Address G4S Americas 1395 University Blvd | City, State, Zip Code Jupiter, FL. 33458 | County Palm Beach |

CAUSE OF DISCRIMINATION BASE ON - Check appropriate box(es)
X RACE __ COLOR __ SEX __ RELIGION __ DISABILITY/HANDICAP
__ NATIONAL ORIGIN __ AGE __ MARITAL STATUS __ X RETALIATION

DATE MOST RECENT DISCRIMINATION TOOK PLACE (month, day, year)   1/12/15

THE PARTICULARS ARE (If additional space is needed, attach extra item(s):

I. Personal Harm:

I am an African-American, who was a Security Officer (armed) employed by G4S Secure Solutions I was assigned to work at the Lynn Haven, Florida General Dynamics Information Technology worksite from May of 2013 until spring of 2015. I had excellent work performance evaluations. I have observed different treatment being given to white employees similarly situated to me. I have also observed numerous minority employees such as myself and other African American employees being treated unfairly and adversely. This created a hostile work environment.

II. Respondent's Reason for Personal Harm

III. Discrimination Statement:

I believe I have been discriminated against pursuant to Chapter 760 of the Florida Civil Rights Act, and/or Title VII of the Federal Civil Rights Act, and/or the Age Discrimination in Employment Act, and/or the Americans with Disabilities Act as applicable for the following reason(s):

PLEASE DUAL FILE WITH:   U. S. Equal Employment Commission
501 East Polk Street, Ste 1020
Tampa, Florida 33602

I REQUEST TO BE AFFORDED FULL RELIEF TO WHICH I AM ENTITLED TO UNDER THE LAW(S).

I will advise the agency if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

Under penalties of perjury, I declare that I have read the foregoing charge of discrimination and that the facts stated in it are true.

SIGNATURE OF COMPLAINANT                                      DATE
                                                              29 Oct 2015

Exhibit 1

5



## State of Florida
## Florida Commission on Human Relations
*An Equal Opportunity Employer • Affirmative Action Employer*

**Rick Scott**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Rebecca Steele**
*Chair*
**Michelle Wilson**
*Executive Director*

FCHR No. 201600173
EEOC No. 15D201600089

Lolenza Carson                                                **Complainant**
c/o Ms. Cecile M Scoon, Esquire
Peters & Scoon, Attorneys At Law
25 East 8th Street
Panama City, FL 32401

G4S Secure Solutions                                          **Respondent**
c/o Ms. Patricia Marmon, VP, Diversity and Inclusion
1395 University Boulevard
Jupiter, FL 33458

Exhibit 2

### DETERMINATION: REASONABLE CAUSE

Complainant filed a complaint of discrimination alleging that Respondent violated the Florida Civil Rights Act of 1992. The Florida Commission on Human Relations has completed its investigation of this matter.

Complainant was able to demonstrate that Respondent discriminated against him due to his race and retaliated against him for engaging in a protected activity. Witnesses confirmed that the manager in charge of a promotion made a derogatory comment about not wanting someone of Complainant's race working on the day shift. Therefore, it is reasonable to believe that Complainant was not considered for the promotion due to his race. Witnesses confirmed that Complainant then made a complaint of discrimination because he was not considered for the promotion. After he complained, his supervisor decided not to accommodate Complainant's primary job hours and started scheduling him for shifts that he could not work. Thereafter, Complainant had to resign because he could not work the hours that he was scheduled. Complainant had always been accommodated previously and only had a problem with his schedule after he complained about discrimination. Therefore, it is reasonable to believe that Respondent retaliated against him for engaging in a protected activity.

Complainant claimed that Respondent forced Complainant to go on leave when he needed to renew his weapons permit, while a white Officer was accommodated with a position that did not require a firearm. However, Respondent stated that Complainant was restricted to working only one shift due to his other job, and there was not a position not requiring a firearm available at the time. This is a legitimate reason for the adverse action.

On the basis of the report from the Commission's Office of Employment Investigations and recommendation from the Commission's Office of General Counsel, pursuant to the authority delegated to me as Executive Director of the Florida Commission on Human Relations, I have determined that reasonable cause exists to believe that an unlawful practice occurred.

_____
Michelle Wilson
Executive Director

Dated: July 8, 2016

### COMMISSIONERS

| | | | |
|---|---|---|---|
| **Derick Daniel** | **Dr. Donna Elam** | **Tony Jenkins**, *Vice Chair* | **Jay Pichard** |
| *Tallahassee* | *Orlando* | *Orlando* | *Tallahassee* |
| **Gilbert Singer** | **Billy Whitefox Stall** | **Rebecca Steele**, *Chair* | **Sandra Turner** |
| *Tampa* | *Panama City* | *Jacksonville* | *Winter Springs* |